Margaret Jean HOFFMANN, Now Jean
Andrews, Plaintiff-Appellant,

v.

William John HOFFMANN, Defendant-
Respondent.

No. 31925.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1965.

A. Wimmer Carr, Tremayne, Joaquin, Lay & Carr, St. Louis, for plaintiff-appellant.

Paul E. Dixon, St. Louis, for defendant-respondent.

WOLFE, Presiding Judge.

This is an action to modify a divorce decree. The defendant first filed a motion seeking custody of the children which had been granted to the plaintiff by the divorce decree. He also sought an order preventing the plaintiff from removing the children from the jurisdiction of the court. The plaintiff then filed a motion seeking modification. She sought permission to remove the children to California and asked for an increase in the sum allowed her as child support by the decree of divorce. The trial court denied the plaintiff's motion and granted the defendant's motion giving the defendant custody of the children with certain visitation rights to the plaintiff. The plaintiff prosecutes this appeal.

The decree of divorce which the parties seek to modify was granted on May 14, 1959. It gave custody of a daughter, then 10½ years of age, and a son, 8½ years of age, to the plaintiff mother. It also provided that the father defendant was to have custody of the two children from June 1 to September 1 of each year with certain visitation rights throughout the year and that he pay $12.50 per week for the support of each child.

The defendant was 40 years of age at the time of the hearing of the motions here under consideration. He had been a truck driver salesman for a packing company. He had earned $6,800 a year at that occupation, but on March of 1960 he lost his left leg in an accident while working for the company. Since that time he worked as a real estate broker. His earnings at his new occupation at first were much less than he had earned before, but they had shown an increase each year. In addition to his earnings he had investments totaling $18,000 and over $16,000 in a savings account. These sums he had realized in settlement of a claim for damages arising out of his injury. His mother lived with him in a five room apartment. She was 66 years of age. He operated his real estate business from his home.

After the divorce the defendant saw his two children about five times each week. He would call to see them after school and stay till it was time for their mother to return from work. He did not see them so much in the summer time for they had been in the habit of taking trips with their maternal grandparents who lived in Columbia, Missouri. They enjoyed these trips and he did not wish to deprive them of this pleasure.

In January of 1962 a man named Andrews moved into the plaintiff's home and the plaintiff informed the defendant that she had married Andrews. She also told the children that she had remarried. Andrews assumed the role of stepfather and endorsed checks sent to the plaintiff by the defendant for the support of the children. As a matter of fact, Andrews was married at the time he moved in with the plaintiff and had two children of his own. The plaintiff knew this but continued to live with Andrews in adulterous cohabitation. Andrews' first wife sued him for divorce which she obtained, and over a year after he had moved into the plaintiff's home he and the plaintiff were married.

Andrews had three ventures into going into business for himself and had failed in all three. He had never lasted long in any employment upon which he entered. He was indebted to the City of Ferguson for $1,000. He owed his former mother-in-law $1,500, and he also owed $1,200 on an automobile that he had owned and which had been repossessed. He paid about $350 a month in alimony and child support to his first wife. He had a job in California which he described as a sales manager and advertising and promotion manager with a company that sold small home appliances such as toasters and electric mixers.

The children here under consideration who had been regular in attendance at a Baptist Church before the plaintiff and defendant were divorced had attended no church since that time. The 15 year old daughter had been allowed to go on dates unchaperoned over the protests of her father, the defendant. Andrews was a vegetarian and the plaintiff served nothing but a vegetarian diet to the children. The children liked meat and were allowed to eat it at school. Both the children wanted to go to California but both stated that they loved their father very much.

There was other evidence relating to the lack of medical care for the children. There was also evidence that the plaintiff was pregnant at the time of the hearing below. It appears, however, that all of the facts necessary for a disposition of this appeal are those above stated.

The plaintiff-appellant raises only two points on this appeal. The first point is that the court erred in changing the primary custody of the children from the plaintiff to the defendant. It is asserted that the change was against the weight of the evidence. The evidence clearly shows that the plaintiff had become a person contemptuous of the law and moral standards by living in open adultery; that the children were partly under the control of an unstable stepfather who flitted from one job to another and that the children were deprived of religious training. These were serious changes that had taken place since the divorce. On the other hand, defendant appeared to be a person of substance and industry with a concept of the parental responsibility to impose wholesome restrictions upon children.

There was certainly sufficient change since the divorce to warrant the court in sustaining the defendant's motion to modify the decree and in awarding primary custody of the children to the defendant. The point is therefore without merit.

The second point is that the court erred in overruling plaintiff's motion to permit the plaintiff to remove the children to California. This is fully disposed of by that

which we have said in relation to the first point and it is also without merit.

The judgment is affirmed.

ANDERSON, J., and WOODSON OLDHAM, Special Judge, concur.